SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4317 PA (JTLx) | Date | July 17, 2008 |
|---|---|---|---|
| Title | Vinh Hung Lam v. Citigroup, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

   Before the Court is a Request for Appointment of Counsel filed plaintiff Vinh Hung Lam ("Plaintiff") (Docket No. 3).  The United States civil court system does not guarantee a right to counsel. See Lassiter v. Department of Soc. Servs., 452 U.S. 18, 25-27, 101 S. Ct. 2153, 2158-60, 68 L. Ed. 2d 640 (1981).  In civil actions, the district court may generally only request counsel for litigants proceeding in forma pauperis pursuant to 28 U.S.C. Section 1915(e)(1).  The Court notes that Plaintiff is not proceeding in forma pauperis.

   Furthermore, the Ninth Circuit only permits a request for counsel under "exceptional circumstances."  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotation marks omitted); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam); U.S. ex rel. Gardner v. Madden, 352 F.2d 792, 794 (9th Cir. 1965).  The test for exceptional circumstances evaluates both the likelihood of success on the merits of the case and the litigant's ability to articulate her claims in the absence of representation; neither element is alone dispositive of the issue.  See Wilborn, 789 F.2d at 1331.  Thus, the Court analyzes both the strength and complexity of the plaintiff's case in determining whether to take the exceptional step of requesting counsel.

   In reviewing Plaintiff's Complaint, it appears that Plaintiff, who is appearing pro se and asserts that he is the "Trillionaire Emperor of the American Empire," is attempting to assert a claim for treason against Citigroup, Inc. and various Citigroup subsidiaries and officers ("Defendants").  The Complaint, which includes references to James Bond, the sixteenth-century French astrologer Nostradamus, and the September 11th attacks, seeks an award of $300 billion.  Attached to the Complaint and Request for Appointment of Counsel are several hundred pages of documents, newspaper articles, and filings from other legal actions in which he has unsuccessfully pursued similar claims against other financial institutions.  The relevance of these exhibits is not readily apparent.

   The United States Code makes treason a crime.  See 18 U.S.C. § 2381 ("Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason . . . .").  "Criminal statutes can be enforced only by the proper authorities of the United States government, such as United States

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4317 PA (JTLx) | Date | July 17, 2008 |
|---|---|---|---|
| Title | Vinh Hung Lam v. Citigroup, Inc., et al. | | |

attorneys." Martinez v. Ensor, 958 F. Supp. 515, 518 (D. Colo. 1997); see also 28 U.S.C. § 547 ("Except as otherwise provided by law, each United States attorney, within his district, shall — (1) prosecute for all offenses against the United Sates; [and] (2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned . . . ."); Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) ("'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)).

  Because it is exceedingly unlikely that Plaintiff will succeed on this civil claim for treason against Defendants, the Court concludes that this action does not present the "exceptional circumstances" which could justify the Court's request for counsel to represent Plaintiff. See Wilborn, 789 F.2d at 1331. Plaintiff's Request for Appointment of Counsel is therefore denied.

  Additionally, because Plaintiff does not appear to have standing to prosecute Defendants for treason, and there is no civil private right of action for treason, the Court orders Plaintiff to show cause in writing why this action should not be dismissed for lack of standing and failure to state a claim upon which relief can be granted. Plaintiff's response to this order to show cause must be filed by August 8, 2008. The failure to file a response by that date, or to respond adequately, may result in the dismissal of this action.

  IT IS SO ORDERED.

:

Initials of Preparer